DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Johnny A. Amato has appealed from an order of the Medina County Court of Common Pleas that found him in violation of the terms of his community control sanction, and sentenced him to two years in prison. This Court dismisses the appeal.
 I {¶ 2} In March 1997, Appellant was indicted on one count of gross sexual imposition ("GSI") with a victim under the age of thirteen, in violation of R.C. 2907.05(A)(4). In October 1997, Appellant changed his plea to "guilty" to the charge of the indictment. The court issued a journal entry accepting the guilty plea, and incorporated into the entry the terms of a plea agreement reached by Appellant and the state. In the plea agreement, all parties agreed that Appellant would plead guilty to a second charge of GSI, that Appellant would receive a sentence of five years of community control, and that any violation of the terms of community control would result in imposition of a ten-year prison term. The trial court thereafter sentenced Appellant to five years of community control, and further provided: "Violation of any of this sentence shall lead to a prison term of up to ten (10) years, which [Appellant] has agreed to serve if he violates any provision of the sentence imposed herein."
 {¶ 3} In April 2002, a capias warrant was issued for Appellant's arrest on the ground that he had violated the conditions of his community control sanction. According to the complaint filed by an officer of the Medina County Adult Probation Department, Appellant's alleged violations included testing positive for marijuana and living with another registered sex offender. Appellant appeared before the court and entered a plea of denial to the charge, and the matter was set for a hearing.
 {¶ 4} During the hearing, Appellant admitted that he violated the terms and conditions of his community control sanction. The court then scheduled a sentencing hearing and a sexual offender classification hearing. The court thereafter adjudicated Appellant a sexually oriented offender, and sentenced him to a two-year term of imprisonment.
 {¶ 5} Appellant has timely appealed, asserting two assignments of error. We have consolidated both assignments of error to facilitate review.
 II Assignment of Error Number One
"Appellant's Sentence Is In Violation Of The Double Jeopardy Clauses Of The U.S. And Ohio Constitution[s]."
 Assignment of Error Number Two
"The Trial Court Erred In Sentencing [Appellant] To Two Years In The Lorain Correctional Institution."
 {¶ 6} In his first assignment of error, Appellant has argued that the court's sentence twice put him in jeopardy for the same offense, in violation of his federal and state constitutional rights. In his second assignment of error, Appellant has contended that the court erred in imposing consecutive one-year sentences, and that the findings made by the court in imposing consecutive sentences were unsupported by the record. This Court is barred from addressing the merits of either of Appellant's arguments.
 {¶ 7} R.C. 2953.08(D) precludes appellate review of sentences under certain circumstances: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 8} Ohio courts have uniformly held that a sentence is "authorized by law" for purposes of R.C. 2953.08(D) as long as the prison term imposed does not exceed the statutorily prescribed maximum term for the offense. See State v. Rhodes, 7th Dist. No. 2000 CO 60,2002-Ohio-3056, ¶ 13. The plea agreement in the instant case reflects that Appellant pleaded guilty to two counts of GSI in violation of R.C. 2907.05, both felonies of the third degree. See R.C. 2907.05(B). The maximum allowable prison term for a felony of the third degree is five years. See R.C. 2929.14(A)(3). At the time the trial court imposed Appellant's community control sentence, all parties agreed that any violation of the terms of Appellant's community control sanction would result in imposition of two consecutive five-year prison terms. Since the agreed sentences were within the permissible statutory range, the five-year terms were "authorized by law" pursuant to R.C. 2953.08(D). SeeState v. Johnson (Dec. 21, 2001), 2nd Dist. No. 2000-CA-46, 2001 Ohio App. LEXIS 5779, at *10.
 {¶ 9} The plea agreement incorporated into the court's journal entry accepting Appellant's change of plea also indicates that the two consecutive five-year sentences Appellant agreed to serve for a violation of the terms of his community control were jointly recommended by Appellant and by the prosecution. The plea agreement letter provided that Appellant would plead guilty to the single count of the indictment, and Appellant "will also enter a plea of [guilty] to one count of Gross Sexual Imposition in violation of [R.C. 2907.05], the same degree felony, to be done by way of a Bill of Information[.]" The plea agreement further stated:
"The State of Ohio, on behalf of the legal guardians of the victims, agrees with the defendant that the defendant shall be sentenced to community control sanctions pursuant to [R.C. 2929.15 et seq.] as specified herein:
"* * *
"(c) Drug and alcohol use monitoring, including random screens;
"* * *
"(f) That a violation of any of the preceding community control sanctions will result in the imposition of a sentence of five (5) years consecutive to a term of five (5) years, which terms represent the maximum sentences allowed by statute for violations of [R.C. 2907.05]."
 {¶ 10} The plea agreement was signed below the foregoing terms by the prosecutor, the parents of the victims, Appellant, and Appellant's counsel.
 {¶ 11} Based upon the terms of the plea agreement, it is clear that a ten-year sentence for a violation of the terms of Appellant's community control sanction was recommended jointly by Appellant and by the prosecution. The court reiterated this agreement in its journal entry sentencing Appellant to community control, in which the court stated: "Violation of any of this sentence shall lead to a prison term of up to ten (10) years, which the defendant has agreed to serve if he violates any provision of the sentence imposed herein." Appellant was thereby put on notice that any violation of his community control would result in imposition of a prison term of ten years pursuant to R.C. 2929.19(B)(5), which at the time of Appellant's sentencing provided:
"The court shall notify the offender that, if the conditions of the [community control] sanction are violated, * * * the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.]"
 {¶ 12} When Appellant appeared before the court in 2002 and admitted to violating the terms of his community control, the court proceeded with sentencing pursuant to R.C. 2929.15(B), which provides:
"If the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court * * * may impose a prison term on the offender pursuant to [R.C. 2929.14]. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C. 2929.19(B)(3)][1]." (Footnote added.)
 {¶ 13} Although the court could have sentenced Appellant to ten years per the parties' prior sentencing agreement and the court's notification pursuant to R.C. 2929.15(B), the court sentenced Appellant to a prison term of only two years.[2] Since Appellant and the prosecution jointly recommended a sentence of ten years for any community control violation, the sentence was authorized by law, and the sentence was indisputably imposed by a sentencing judge, Appellant's appeal of his two-year prison sentence is barred by R.C. 2953.08(D).
 III {¶ 14} Because Appellant's appeal is barred by R.C. 2953.08(D), the appeal is dismissed.
Appeal dismissed.
CARR, J. CONCUR.
[1] Ohio courts have determined that R.C. 2929.15(B)'s designation of subsection (B)(3) is in error, and the legislature intended to specify subsection (B)(5) of R.C. 2929.19. See State v. Brooks, 9th Dist. No. 21360, 2003-Ohio-3143, ¶ 8, fn. 1.
[2] This Court has previously held that a sentencing court is not required to impose the maximum term specified at the time the court imposes a community control sanction; rather, the language of R.C.2929.15(B) "manifests the legislature's intent to give the sentencing court the ability to sentence the offender to a prison term up to andincluding the term specified[.]" (Emphasis sic.) Brooks, 2003-Ohio-3143, at ¶ 10.